**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

ERIN B. BARNETT,

      Plaintiff,

v.                                 Case No.: _____

HURON LAW GROUP PLLC,

      Defendant.
_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Erin B. Barnett, by and through her undersigned counsel, and hereby files this Initial Complaint against defendant, Huron Law Group PLLC, and alleges:

### I. Jurisdiction and Venue

1. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq.*

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district, defendant employed plaintiff to perform work and paid her in this district, and all causes of action accrued in this district; defendant operates in this district, and defendant is subject to personal jurisdiction in this district.

## *II. Parties*

3.      At all times relevant hereto, plaintiff, Erin B. Barnett, was an employee of defendant.

4.      At all times relevant hereto, defendant, Huron Law Group PLLC (hereinafter at times "HLG"), employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that moved in interstate or foreign commerce, and upon information and belief has had gross sales made or business done of not less than $500,000 per year.

5.      In fact, plaintiff was regularly and frequently tasked with providing paralegal services and filing pleadings in court cases which were pending in various states other than (but also including) the state of Alabama.  Moreover, in performing work for defendant plaintiff's work was reviewed by an attorney in another state (primarily Michigan) before any of it could be filed in any case.

6.      Defendant is subject to, and not exempt from, the FLSA.

## *III. Factual Allegations*

7.      Plaintiff, Erin B. Barnett, began working for defendant as a paralegal working out of her home in Daphne, Alabama on or about March 21, 2024.  At all times material hereto plaintiff was an "employee" of HLG, and HLG was an "employer" of plaintiff within the meaning of the FLSA.

8.      HLG is a foreign professional limited liability company which is registered and authorized to conduct business in the state of Alabama.

9.      As a paralegal working for defendant, plaintiff was initially paid an hourly wage for her labor.

10.     Effective on or about April 21, 2025 defendant designated plaintiff a supervisor or manager of other paralegals, ostensibly made her a salaried employee, and declared her to be an FLSA-exempt employee.

11.     However, defendant did not actually pay plaintiff on a salaried basis. Instead, on those occasions in which she worked less than 8 hours on a workday defendant would require her to work additional time on the other days of her workweek to make up any shortage, require her to make up the shortfall with accrued paid time off, or reduce her pay.  Thus, one of the factors which determined plaintiff's pay was the quantity of the work she performed (measured in hours).

12.     Moreover, defendant advised plaintiff that her purported salary was to compensate her for 40 hours of work.

13.     Additionally, despite the change in her job title, the primary function of plaintiff's job was to serve as a paralegal and perform other hourly worker-type duties which were of a non-exempt nature.

14.     In performing her duties for defendant, plaintiff frequently worked in

excess of 40 hours per week.  Nevertheless, defendant failed to compensate her at the legally required rate for the overtime hours which she worked.

15.    At all times relevant hereto, plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA.

16.    Plaintiff's employment with defendant ended in or around late February 2026.

### IV.  *Violation of Fair Labor Standards Act*
### *(Overtime)*

17.    Plaintiff realleges and incorporates herein paragraphs 1 - 16, above.

18.    Defendant is subject to, and not exempt from, the provisions of the FLSA.

19.    Throughout plaintiff's employment with defendant, defendant was fully aware of the FLSA and the obligations imposed by it to pay plaintiff's overtime wages when she worked in excess of forty (40) hours in a workweek.

20.    Nevertheless, defendant willfully and intentionally failed and refused to properly compensate plaintiff and pay her overtime wages as owed.  Such conduct of defendant constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

21.    As a result of defendant's violation of the FLSA, plaintiff has been denied compensation for her overtime labor at the legally required rate.

22.   Moreover, plaintiff has had to retain an attorney in order to collect the legally required overtime wages owed to her by defendant.

WHEREFORE, plaintiff demands judgment against defendant for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorney's fees; and any other relief to which she may be entitled.

*Plaintiff demands jury trial on all issues contained in this Initial Complaint which are so triable.*

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar No.:   932868
Alabama Bar No.: ASB-0269-M76B
ODOM LAW GROUP, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
email@odomlawgroup.net
Attorney for Plaintiff