**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| ERIN B. BARNETT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:26-cv-166-TFM-M |
| | ) | |
| HURON LAW GROUP PLLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's *Motion to Set Aside Default Judgment and Response in Opposition to Plaintiff's Motion for Default Judgment* (Doc. 10, filed June 16, 2026). Defendant Huron Law Group PLLC ("Defendant" or "Huron") requests the Court set aside the default entered against it on June 11, 2026. Doc. 7. Plaintiff timely filed a response in opposition. Doc. 13.

**I.       PROCEDURAL BACKGROUND**

Plaintiff filed her Complaint in this action on May 6, 2026. Doc. 1. Defendant was served on May 19, 2026. Doc. 5. Thus, Defendant's deadline to file a respsonive pleading was June 9, 2026. Defendant did not file a responsive pleading by that deadline, and Plaintiff promply filed a motion for entry of default on June 11, 2026. Doc. 6. That same day, the Clerk of Court entered default against Defendant. Doc. 7. On June 12, 2026, Plaintiff filed a Motion for Default Judgment and Corrected Motion for Default Judgment. Docs. 8, 9.

In its motion to set aside default, Defendant states that it prompty initiated efforts to engage counsel upon receipt of service, but due to the administrative process of securing such counsel and clearing potential conflicts, it was no able to secure counsel until June 12, 2026. *See* Doc. 10 at 2.

Only four days after retaining counsel, Defendant filed this motion. Defendant asserts that its failure to respond was the result of good cause, and that the interests of justice require the matter be resolved on the merits because Defendant possesses meritorious defenses to Plaintiff's claims and Plaintiff will not be unduly prejudiced by setting aside the default judgment. *Id.* at 2-3.

Plaintiff opposes Defendant's motion to set aside default. Plaintiff argues that good cause does not exist to set aside default because Defendant is a law firm who should presumably have a clear understanding of its obligation to timely respond to a complaint, yet Defendant did not notify Plaintiff's counsel or the Court of its need for an extension and rather just let the deadline slide past without a word. *See* Doc. 13 at 2-3.

## II.    DISCUSSION & ANALYSIS

For good cause, the Court may set aside an entry of default. FED. R. CIV. P. 55(c). In determining whether good cause exists, "courts generally consider whether the default was culpable or willful, whether setting it aside would prejudice the non-moving party, and whether the defaulting party may have a meritorious defense." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014). "[A] technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *see also Am. Econ. Ins. Co. v. Murphy*, Civ. Act. No. 5:07-CV-191, 2007 WL 3285808, at *2, 2007 U.S. Dist. LEXIS 82257, at *6 (M.D. Ga. Nov. 6, 2007) ("[F]ailure to file a timely response to a complaint evidences neglect on the part of both the attorney and the client, and perhaps inexcusable neglect. It does not necessarily evidence willfulness, however, particularly where the error is corrected within a reasonable time."). "[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits." *Fla. Physician's Ins. Co.*, 8 F.3d at 783.

Here, Defendant's failure to timely respond was not willful. One might argue that, as a law firm, Defendant should have understood its responsibility to timely respond and at least given Plaintiff's counsel a phone call to let them know that Defendant needed more time. However, irresponsibility is not the equivalent of willfulness. Defendant filed its proposed answer, along with its motion to set aside default, less than a week after default was entered. *See* Doc. 10. Defendant has set forth potentially meritorious defenses in its proposed answer, and it is the Court's preference to resolve cases on the merits when possible. Additionally, given the early stage of this case, the short time between when default was entered and when Defendant appeared, and the fact that the Court has not yet ruled on the motion for default judgment, setting aside default does not prejudice the Plaintiff.

The Court finds good cause to set aside the Clerk of Court's entry of default against Defendant, pursuant to Fed. R. Civ. P. 55(c), based on Defendant's assertions in its motion to set aside default.

### III.    CONCLUSION

Accordingly, Defendant's motion to set aside default (Doc. 10) is **GRANTED** and the Clerk of Court's entry of default against Defendant (Doc. 7) is **SET ASIDE**. Plaintiff's Motion for of Default Judgment (Doc. 8) and Corrected Motion for Default Judgment (Doc. 9) are **DENIED**. Defendant is **DIRECTED** to file its proposed answer (Doc. 10-1) as a separate entry on the docket sheet.

**DONE** and **ORDERED** this 15th day of July 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE